IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YOUNG YIL JO, | ) | 8:13CV219 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| SIX UNKNOWN NAMES AGENTS, | ) | |
| and BARACK OBAMA, Mr. | ) | |
| President Of The United States, | ) | |
| | ) | |
| Defendants. | ) | |

On July 22, 2013, Plaintiff Young Yil Jo filed a document titled, "Under 42 USC 1983 a Civil Rights Action" against "Six Unknown Names Agents or Mr. President of the United States Barack Obama." (Filing No. 1 at CM/ECF p. 1.) Plaintiff is a prisoner in federal custody at the United States Immigration and Customs Enforcement Processing Center in El Paso, Texas.

Plaintiff is an experienced pro se litigant with an extensive history of abusive filings in multiple federal district courts. The court has reviewed the United States Case/Party Index and notes that, to date, Plaintiff has filed over 400 federal civil lawsuits in 34 federal district courts. He has been barred from proceeding IFP by 28 U.S.C. § 1915(g) because he has three or more strikes, a fact he has been informed of numerous times. *See*, *e.g.*, *Joe v. Bush*, No. 1:2004-cv-3830 (N.D. Ill. June 14, 2004); *Joe v. Bush*, No. 1:2004-cv-8065 (N.D. Ill. Feb. 7, 2005); *Bustamante v. Six Unknown Names Agents*, No. 1:09-cv-7154 (N.D. Ill. Nov. 17, 2009); and *Gutierrez-Arias v. Six Unknown Agents, et al.*, No. 3:10-cv-105 (N.D. Ind. April 23, 2010).

Moreover, Plaintiff has been barred from filing any further lawsuits in the Western District of Texas (*see Zapata-Lara v. Six Unknown Names Agents*, No. 1:10-cv-88 (W.D. Tex. March 19, 2010)), the Northern District of Illinois (*see In re Young*

*Yil Jo*, 1:10-cv-390 (N.D. Ill. Jan. 20, 2010)), the Northern District of Indiana (*see Gutierrez-Arias v. Six Unknown Names Agents*, 3:10-cv-105 (N.D. Ind. April 23, 2010)), and the Northern District of Texas (*see Jo v. Six Unknown Names Agents*, No. 1:10-cv-131 (N.D. Tex. June 24, 2010)). In addition, both the Western and Northern Districts of Texas have imposed monetary sanctions against Plaintiff due to his abuse of the court's resources. *See Montoya v. Six Unknown Names Agents*, No. 4:10-cv-27 (W.D. Tex. April 27, 2010); *Jo v. Six Unknown Names Agents*, No. 3:13-cv-2432 (N.D. Tex. July 3, 2013).

It appears Plaintiff has now turned his attention to this district. In less than one year's time, Plaintiff has filed 10 similar rambling, incoherent, and baseless cases in his own name and in the names of others. *See Jo v. Six Unknown Names Agents*, No. 8:12-cv-333 (D. Neb. Sept. 10, 2012); *Jo v. Six Unknown Names Agents*, No. 8:12-cv-415 (D. Neb. Dec. 3, 2012); *Jo v. Obama*, No. 8:12-cv-442 (D. Neb. Dec. 26, 2012); *Jo v. Six Unknown Names Agents*, No. 8:13-cv-30 (D. Neb. Jan. 22, 2013); *Jo v. Six Unknown Names Agents*, No. 8:13-cv-36 (D. Neb. Jan. 25, 2013); *Jo v. Six Unknown Names Agents*, No. 8:13-cv-48 (D. Neb. Feb. 11, 2013); *Lopez v. Six Unknown Names Agents*, No. 8:13-cv-176 (D. Neb. May 31, 2013); *Lopez v. Six Unknown Names Agents*, No. 8:13-cv-207 (D. Neb. June 24, 2013); *Cho v. Six Unknown Names Agents*, No. 8:13-cv-209 (D. Neb. July 5, 2013) and *Jo v. Six Unknown Names Agents*, No. 8:13-cv-219 (D. Neb. July 22, 2013).

Plaintiff has not paid the filing fee in any of these cases and, as set forth above, he is barred from proceeding IFP because he has three or more strikes under the provisions of 28 U.S.C. § 1915(g). Plaintiff's conduct is a drain on the court's judicial resources. With this in mind, Plaintiff's Complaint will be dismissed with prejudice because Plaintiff has not paid the filing fee and his complaint is frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2) (the court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who

is immune from such relief). In addition, to prevent further abuse of this court's resources, Plaintiff will no longer be permitted to file a complaint without paying the filing fee without first seeking leave to do so. If plaintiff proposes to file a complaint without paying the filing fee (i.e., it appears he intends to proceed IFP), but the complaint does not show on its face that Plaintiff is under imminent danger of serious physical injury, the court will direct the clerk's office to return the proposed complaint to Plaintiff without filing it, as set forth below. *See id.* ("In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). In addition, the clerk's office will be directed to accept no further filings from Plaintiff in this matter except for a notice of appeal. *See also In re McDonald*, 489 U.S. 180, 185 n. 8 (1989) ("Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions.").

IT IS THEREFORE ORDERED that:

1. This matter is dismissed with prejudice because it is frivolous and malicious.

2. The clerk's office is directed to accept no further filings from Plaintiff in this matter except for a notice of appeal. If Plaintiff seeks to appeal this dismissal, his notice of appeal must be accompanied by an appellate filing fee in the amount of $455.00. Plaintiff will not be permitted to appeal in forma pauperis.

3. Any future case proposed to be filed in this court by Plaintiff shall be referred to the Supervising Pro Se Judge for review before filing. The Supervising

Pro se Judge will review any such tendered complaint, and if it fails to comply with this Memorandum and Order and applicable law, it will be returned to Plaintiff without filing. A record of any such submission and return will be maintained in the CM/ECF system under the "PS" designation or as otherwise directed by the Supervising Pro Se Judge.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

5. **Plaintiff is WARNED the continued submission of frivolous pleadings and lawsuits in this district will result in the imposition of monetary sanctions.**

DATED this 25th day of July, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4